J. S. JENKINS *v.* THE STATE.

MALICIOUS MISCHIEF. — In a trial for malicious mischief, alleged to have been committed by pulling down the fence of another without his consent, the court below did not err in confining the inquiry in regard to the possession to the question of the actual, quiet, and peaceable possession. The right of possession as an incident of the title to the land could not properly become an issue in the case.

APPEAL from the County Court of Grayson. Tried below before the Hon. S. D. STEEDMAN, County Judge.

The case is sufficiently stated in the opinion.

*N. S. Walton* and *W. G. Rose*, for the appellant. The court erred in its instructions to the jury. The first and second instructions were as follows : —

"1. The court instructs you that the title to the land upon which the fence was, alleged to have been pulled down, is not a question for your consideration, only so far as it may be necessary in order to identify the land in controversy.

"2. If you believe the testimony that J. S. Pattie was in

the actual, quiet, and peaceable possession of said fence at the time the fence was pulled down, and that the defendant did unlawfully, and without the consent of J. S. Pattie, pull down the fence of the said J. S. Pattie within two years prior to the first day of March, 1879, and within the county of Grayson, you will find him guilty and assess his punishment by fine in the sum not less than ten dollars and not more than one hundred dollars, and in addition thereto you may imprison in the county jail for any length of time not to exceed twelve months."

It has long been settled by the rules of law and common sense that a court which has no jurisdiction to try the title to land may yet, for the purpose of the suit before it, consider such title. How else is it possible to determine who has the rightful possession? If it were not so, a mere tenant by sufferance, or even a trespasser, might maintain suit against the owner of land, and when the owner brought in the evidence of title the court might answer, "We have no jurisdiction to try the title to land; let the plaintiff recover."

The defendant in this suit did not want the court to decide upon the title to the land on which the fence was built; but desired only to show that the title had been passed upon by the proper court, and that hence Pattie had no rightful possession whatever. Taking notice of a title that has been settled, and settling a title, are manifestly very different things. The facts show that there was really no controversy as to who owned the land. On one side was the decree of the District Court; on the other, Pattie claimed the land. People thought it was his, and he had paid taxes on it, — things which amount to nothing when it comes to prove ownership. Pattie did not deny the decree, and did not show wherefore he claimed the land, — whether by deed, by decree, by right of conquest, or by tradition. If there had been any *bonâ fide* controversy about the title to the land, or the facts proved showed any such contro-

versy, the court might have sent the parties to the proper tribunal to have the dispute settled; but when the controversy was only apparent and the title was in reality settled, then the court should have taken notice of such title just as it would have taken notice of any other fact proved. The court below made the singular mistake of rejecting the decree of the District Court of Grayson County, and at the same time of admitting evidence of general reputation as to who owned the land.

The court below uses the expression, " only so far as it may be necessary in order to identify the land in controversy." The expression is singular, because there are many other ways of identifying land, or indeed any other property, besides designating it by the owner's name. We submit that the first instruction to the jury should have been: " The court instructs you that the title to the land upon which is the fence alleged to have been pulled down is not a question for your consideration, only so far as it may be necessary to show to whom belongs the *rightful* possession." Surely such an instruction could not have been objected to on the ground that the court had no jurisdiction to try the title to land.

Actual, quiet, and peaceable possession is such a possession as may be had by an eagle of his prey, or by the thief of his spoils; but the law requires something more, — a *rightful* possession.

We think that the question of *right* is all-essential, and that " actual, quiet, and peaceable " is but a miserable substitute for it.

We are aware that it has been many times decided that in order to maintain an action of trespass against a mere *stranger or a wrong-doer*, actual peaceable possession is enough; but actual and quiet possession is not enough when the action is brought against the true owner. *Camley* v. *Stanfield*, 10 Texas, 552, 553 ; *Campbell* v. *The State*, 2 Rob. (Va.) 791 ; *The State* v. *Headrick*, 3 Jones L. 375 *et seq.*

It devolved on the State, in a prosecution for cutting and carrying away timber off of land not the defendant's own, to prove that the land was not the defendant's. *Belverman* v. *The State*, 16 Texas, 131.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. The appellant was prosecuted by information in the County Court for an alleged violation of the act of April 23, 1873. The information charges that in Grayson County, State of Texas, on or about the fifteenth day of December, 1878, " one J. S. Jenkins, late of said county and State, did unlawfully, maliciously, and mischievously tear down, remove, and injure the fence of one J. S. Pattie, without the consent of said Pattie, to the injury and damage of him, the said Pattie, in the sum of twenty-five dollars."

The only question raised by the charge of the court, and by the instruction asked by the defendant and refused by the court, and embraced in the defendant's bill of exceptions, is as to the possession of the land upon which the fence stood at the time of its removal. The question as to who was rightfully in possession of the land was attempted to be put in issue on the trial, by the defendant, but the court properly, as we think, restricted the inquiry to the question of actual possession. The court could not in this form of proceeding determine the question as to the right of possession.

There was some conflict in the testimony as to who had possession of the property at the time of the alleged trespass upon it. The court charged the jury that if they believed from the testimony that J. S. Pattie was in the actual, quiet, and peaceable possession of said fence at the time it was pulled down, etc., they would find the defendant guilty ; and also charged the jury that if they believed from the testimony that the defendant was in actual, quiet, and peaceable possession of the fence, then they would find him not

guilty. The jury found the defendant guilty; the court entered judgment on the verdict, and refused a new. trial. We find no error in the proceedings, presented in such manner as that we are authorized to inquire into it; and therefore the judgment is affirmed.

*Affirmed.* .